NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMIN VAN DAMME, | No. 24-2481 |
| Plaintiff - Appellant, | D.C. No. 2:15-cv-01951-GMN-PAL |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION; WELLS FARGO BANK, N.A., | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| JPMORGAN CHASE BANK, N.A., BNC NATIONAL BANK, BANA HOLDING CORPORATION, successor to LaSalle Bank Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WELLS FARGO HOME MORTGAGE, INC., AMERICA'S SERVICING COMPANY, BANK OF AMERICA, N.A., NATIONAL DEFAULT SERVICING CORPORATION, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 18, 2026[**]

Before: CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Armin Van Damme appeals pro se from the district court's post-judgment order expunging the lis pendens in his diversity action alleging claims in connection with real property. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not err in expunging the lis pendens because Van Damme's action was previously dismissed on the merits. *See Tahican, LLC v. Eighth Jud. Dist. Ct. in & for County of Clark*, 523 P.3d 550, 553 (Nev. 2023), *as amended* (Feb. 9, 2024) (setting forth requirements for party to maintain a lis pendens under Nevada law, including that the party is likely to prevail in the action, and explaining that "[i]f the party fails to meet its burden, the district court must order the lis pendens expunged").

To the extent Van Damme challenges the district court's 2018 judgment, we do not consider those challenges because Van Damme has not specifically addressed the district court's reasoning in his opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we cannot manufacture arguments for an appellant and therefore we will not consider

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

any claims that were not actually argued in appellant's opening brief," and emphasizing that "[a] bare assertion of an issue does not preserve a claim" (citations and internal quotation marks omitted)).

All pending motions and requests are denied.

**AFFIRMED.**